# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| RAMSEY COULTER, individually, on behalf of other similarly situated consumers, <br><br> Plaintiff, <br><br> v. <br><br> EXPERIAN INFORMATION SOLUTIONS, INC., <br><br> Defendant. | Civil Action No. 2:20-cv-01814-NIQA |

**DECLARATION OF DAVID WILLIAMS IN SUPPORT OF DEFENDANT EXPERIAN INFORMATION SOLUTIONS, INC.'S MOTION TO COMPEL ARBITRATION**

- 2 -

## DECLARATION OF DAVID WILLIAMS

I, David Williams, declare and state:

1. I am over the age of 18 years old. I am the VP, Business Governance for ConsumerInfo.com, Inc. ("CIC") in Costa Mesa, California. CIC also does business as Experian Consumer Services ("ECS"). I have been employed by CIC since June of 2001. I make this declaration in support of Experian Information Solutions, Inc.'s Motion to Compel Arbitration. My duties at CIC throughout the course of my employment require that I be familiar with, among other things, the marketing, advertising and sales of CIC consumer credit products, including services that consumer enroll in at Experian websites, as well as the Terms of Use governing such services. Except where otherwise stated, the facts stated in this Declaration are of my own personal knowledge, including knowledge acquired in the course and scope of my job responsibilities and through the review of pertinent documents maintained as business records by CIC in the course and scope of CIC's business, documents relating to CIC's internet advertising, and documents relating to sales of CIC's credit products and services. If called upon to do so, I could and would competently testify to the facts stated below.

2. CIC/ECS is an affiliate of Experian Information Solutions, Inc. ("EIS"), the named defendant in the above-captioned lawsuit. CIC and EIS are both wholly-owned subsidiaries of Experian Holdings, Inc., and the parent company is Experian plc. In this Declaration, I refer to Experian collectively as CIC, ECS, and EIS.

3. On July 17, 2017, the named plaintiff, Ramsey Coulter, enrolled in Experian CreditWorks℠. In order to successfully enroll, Mr. Coulter had to complete various webforms. The first form required Mr. Coulter to enter his personal information—*i.e.*, his name, address, phone number, and e-mail address. After he entered his personal information, Mr. Coulter had to

click the "Submit and Continue" button on the webform to continue with the enrollment process. A true and correct representation of the first webform as it would have appeared on July 17, 2017, when Mr. Coulter enrolled in Experian CreditWorks℠ is attached as Exhibit 1 to this Declaration. Mr. Coulter clicked the "Submit and Continue" button, and was presented with a second form to complete. I know this to be the case because he would not have been able to successfully advance to the second webform for Experian CreditWorks℠ enrollment unless he clicked that button.

4. The second webform required Mr. Coulter to enter his social security number, date of birth, and a username and password. Immediately below the boxes to enter and confirm his password, was the following disclosure (in bold):

> **By clicking "Submit Secure Order": I accept and agree to your Terms of Use Agreement, as well as acknowledge receipt of your Privacy Policy and Ad Targeting Policy. I authorize ConsumerInfo.com, Inc., also referred to as Experian Consumer Services ("ECS"), to obtain my credit report and/or credit score(s), on a recurring basis to provide them to me for review while I have an account with ECS. I also authorize ECS to obtain and use the information I provide, and my credit report and/or credit score(s), on a recurring basis to notify me of credit opportunities and other products and services that may be available to me through ECS or through unaffiliated third parties. I understand that I may withdraw this authorization at any time by contacting ECS.**

A true and correct representation of the second webform as it would have appeared on July 17, 2017, when Mr. Coulter enrolled in Experian CreditWorks℠ is attached as Exhibit 2 to this Declaration. The phrase "Terms of Use Agreement" in the disclosure quoted above was off-set in blue text and, if clicked, would have presented the consumer with the full text of the agreement. That is, the phrase "Terms of Use Agreement" in the disclosure was a full text hyperlink to the Terms of Use. Thus, before clicking the "Submit Secure Order" button, the consumer could view the entire text of the Terms of Use Agreement by clicking on the blue-highlighted hyperlink "Terms of Use Agreement." When a consumer clicked on the "Terms of

Use Agreement" hyperlink, an additional window would open within the consumer's web browser containing the entire text of the Terms of Use Agreement. Immediately below the disclosure containing the full-text hyperlink to the Terms of Use Agreement was a large purple button that reads: "Submit Secure Order." The webform, the disclosure, and the "Submit Secure Order" button appeared on a single webpage. After entering his information, Mr. Coulter clicked the "Submit Secure Order" order button, thereby accepting and agreeing to the Terms of Use Agreement. I know this to be the case because he would not have been able to successfully enroll in enrolled in Experian CreditWorks℠ unless he clicked that button.

5. I attach as Exhibit 3 to this Declaration, the Terms of Use Agreement that was in effect when Mr. Coulter enrolled in Experian CreditWorks℠. That agreement (and all subsequent amended Terms of Use Agreements applicable to his account) had a section entitled, "Amendments," which advised Mr. Coulter that he would be bound by the then-current Terms of Use Agreement each time he "order[ed], access[ed], or use[d]" any of the Services or Websites described in the agreement. During the period July 17, 2017 to the present, Mr. Coulter accessed and used his Experian CreditWorks℠ service approximately 150 times.

6. The Terms of Use Agreement that was in effect when Mr. Coulter enrolled in Experian CreditWorks℠ (and all subsequent amended Terms of Use Agreements applicable to his account) has a provision that reads:

> Notwithstanding any provision in this Agreement to the contrary, we agree that if ECS makes any change to this arbitration provision (other than a change to the Notice Address) during your membership in any Service, including credit monitoring, or subsequent to your purchase of any Service, you may reject any such change and require ECS to adhere to the language in this provision as written at the time of your enrollment or purchase if a dispute between us arises regarding such Service.

Based upon Experian's business records, Experian has no record of Mr. Coulter ever rejecting any amendment to the arbitration clause in the Terms of Use Agreement.

7. A true and correct copy of the current version of the Terms of Use Agreement is attached as Exhibit 4 to this Declaration. The revision date on that version of the Agreement is August 13, 2020. After that version of the Agreement took effect, Mr. Coulter accessed and used his in Experian CreditWorks℠ service thirty-one times. According to Experian's business records, Mr. Coulter's last log-in was on October 15, 2020 at 11:13 a.m.

8. The arbitration clause in the arbitration clause in the Terms of Use Agreement in effect when Mr. Coulter enrolled had an FCRA carve-out, which read: "any dispute you may have with us arising out of the Fair Credit Reporting Act (FCRA) relating to the information contained in your consumer disclosure or report, including but not limited to claims for alleged inaccuracies, shall not be governed by this agreement to arbitrate." That clause was removed from the Terms of Use Agreement in December of 2018, before Mr. Coulter filed his lawsuit.

I declare, under penalty of perjury, under the laws of the United States of America, that the foregoing is true and correct. Executed this 20th day of November, 2020, in Costa Mesa, California.

_____<br>David Williams

## **CERTIFICATE OF SERVICE**

I, Mohammad A. Ghiasuddin, counsel for Experian Information Solutions, Inc., do hereby declare that on the 20th day of November, I served the foregoing upon Plaintiff's counsel via the CM/ECF system.

/s/ Mohammad A. Ghiasuddin, Esq.
Mohammad A. Ghiasuddin, Esq.
Margolis Edelstein
The Curtis Center, Ste. 400E
170 S. Independence Mall W.
Philadelphia, PA  19106-3337
(215) 931-5801
mghiasuddin@margolisedelstein.com

*Attorney for Defendant*
*Experian Information Solutions, Inc.*