# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| RAMSEY COULTER, individually, on behalf of other similarly situated consumers,<br><br>    Plaintiff,<br><br>  v.<br><br>EXPERIAN INFORMATION SOLUTIONS, INC.,<br><br>    Defendant. | )<br>)<br>)<br>)<br>) Civil Action No. 2:20-cv-01814-NIQA<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

**EXPERIAN INFORMATION SOLUTIONS, INC.'S MEMORANDUM OF LAW IN SUPPORT OF ITS MOTION TO STAY DISCOVERY PENDING RESOLUTION OF ITS <u>MOTION TO COMPEL ARBITRATION</u>**

Experian Information Solutions, Inc., by and through its undersigned counsel, respectfully submits the following Memorandum of Law in support of its Motion to Stay Discovery pending the resolution of Experian's Motion to Compel Arbitration (ECF No. 17).

## **INTRODUCTION**

This is a putative class action under the Fair Credit Reporting Act. The plaintiff, Ramsey Coulter, alleges that Experian reported an incorrect "Date of Status" for his American Express credit card account, and failed to conduct a reasonable reinvestigation of his dispute over Experian's reporting of that account. He claims that Experian's actions were both negligent and willful. He seeks to represent a class of similarly situated individuals.

On November 20, 2020, Experian moved to compel Mr. Coulter's claims to arbitration, on an individual basis, as required under the Terms of Use Agreement governing his Experian CreditWorks℠ subscription service. Mr. Coulter requested a 45-day extension to respond to the motion.[1] Experian informed Mr. Coulter that it was agreeable to such an extension provided that he agree to a stay of discovery pending the resolution of Experian's motion to compel arbitration. (*Id.*) Because Mr. Coulter refused that request, this motion to stay has become necessary.

A discovery stay is warranted because, "unless discovery is stayed, [Experian] will 'forever lose the advantages of arbitration—speed and economy.'" *Mahamedi IP Law, LLP v. Paradice & Li, LLP*, No. 5:16-cv-02805-EJD, 2017 WL 2727874, at *1 (N.D. Cal. Feb. 14, 2017) (staying discovery pending the resolution of defendant's motion to compel arbitration). To ameliorate that inherent prejudice, courts frequently stay discovery pending resolution of a motion to compel arbitration. *See, e.g., Burgos v. Trans Union, LLC*, No. 16-CV-6338, 2017 WL 2215272, at *4 n.3 (E.D. Pa. May 19, 2017); *Marciano v. MONY Life Ins. Co.*, 470 F. Supp. 2d 518, 522 (E.D. Pa.

---

[1] *See* accompanying Declaration of John A. Vogt ("Vogt Decl."), ¶ 2.

2007); *Seltzer v. Klein*, No. 88-67837, 1989 WL 41288, at * (E.D. Pa. Apr. 20, 1989); *Heaster v. EQT Corp.*, No. 19-1463, 2020 WL 5536078, at *3 (W.D. Pa. Aug. 17, 2020); *Rohn v. AT&T Mobility, LLC*, No. 2007-CV-0080, 2008 WL 4525817, at *1 (D.V.I. Oct. 3, 2008). After all, "discovery on the merits" before "the issue of arbitrability is resolved puts the cart before the horse. If a dispute is arbitrable, responsibility for the conduct of discovery lies with the arbitrators…." *CIGNA Health Care of St. Louis, Inc. v. Kaiser*, 294 F.3d 849, 855 (7th Cir. 2002))). It is thus "the general practice of district courts" to issue "a stay of discovery . . . while the motion to compel arbitration was pending before the Court." *Intertec Contracting A/S v. Turner Steiner Int'l, S.A.*, No. 98 Civ. 9116 (CSH), 2001 WL 812224, at *7 (S.D.N.Y. July 18, 2001).

Mr. Coulter will not suffer any prejudice by a discovery stay. In the event that the Court denies Experian's motion to compel arbitration, Experian would be willing to agree to an extension of the case deadlines to allow the parties to take the discovery they need to prepare this case for dispositive motions, class certification, and trial. Conversely, absent a stay, Experian will be forced to litigate Mr. Coulter's individual and class claims in this forum in contravention of the parties' written agreement, which provides that this dispute must be resolved in arbitration on a non-class basis.

Accordingly, for the reasons set forth herein, Experian respectfully requests that the Court stay discovery pending the resolution of Experian's Motion to Compel Arbitration.

## STATEMENT OF FACTS

Experian was served with the complaint in this action on April 22, 2020. (Vogt Decl., ¶ 3.) On June 24, 2020, the Court ordered that the parties exchange initial disclosures as required under Rule 26 within 14 days of that order. (ECF No. 11.) Experian complied with that Court order. (Vogt Decl., ¶ 3.) To date, Experian has not sought any discovery from Plaintiff. (*Id.*)

Instead, the only discovery that Experian has sought has been directed at American Express via a business records subpoena on July 8, 2020. (*Id*., ¶ 4.) The main purpose of that discovery was to obtain all cardmember agreements that applied to Coulter's American Express account to assess whether Experian had additional grounds upon which to move to compel this matter to arbitration. (*Id*.) Obtaining that discovery from American Express took over three months, with American Express requiring the entry of a protective order before it produced its records. (*Id*.) The Court entered the protective order on October 6, 2020. (ECF No. 15.) American Express then completed its production on October 20, 2020. (Vogt Decl., ¶ 4.)

Because the cardmember agreements applicable to Mr. Coulter's American Express account appear ambiguous over whether Experian can enforce the arbitration clause contained therein, Experian determined that it would move to compel arbitration solely on the basis of the Terms of Use governing Mr. Coulter's CreditWorks℠ subscription service. (*Id*., ¶ 5.) Experian moved to compel arbitration on that basis soon thereafter. (ECF No. 17.)

Pursuant to the Court's Scheduling Order, all fact discovery must be completed by April 23, 2021. (ECF No. 13.) If this motion to stay is granted, and Experian's motion to compel arbitration is denied, Experian is agreeable to extending the deadlines in the Scheduling Order. (Vogt Decl., ¶ 6.)

## **LEGAL ARGUMENT**

District courts have "broad discretion to manage discovery." *Sempier v. Johnson & Higgins*, 45 F.3d 724, 734 (3d Cir. 1995). Under the federal rules, the Court may "limit the frequency or extent of discovery." Fed .R. Civ. P. 26(b)(2)(C). The Court should stay discovery until after the Court decides Experian's motion to compel arbitration.

Courts routinely stay discovery pending resolution of a motion to compel arbitration. Indeed, it is "the general practice of district courts" to issue "a stay of discovery . . . while the motion to compel arbitration was pending before the Court." *Intertec*, 2001 WL 812224, at *7; *see supra at* 3; *see also, e.g.*, *Sorge v. Calvary Portfolio Sers., LLC et al*, No. 3:11-cv-00297-DRH-SCW, Dkt. No. 29 (S.D. Ill. Aug. 30, 2011) (granting motion to stay discovery pending resolution of motion to compel arbitration); *Geopolymer Sinkhole Specialist, Inc. v. Uretek Worldwide Oy*, No. 8:15-cv-01690-CEH-JSS, 2016 WL 4769747, at *1 (M.D. Fla. Feb. 3, 2016) (granting motion to stay discovery pending resolution of motion to dismiss in favor of arbitration); *Arik v. Meyers*, Case No. 2:19-cv-01908-JAD-NJK, 2020 WL 515843 (D. Nev. Jan. 31, 2020). (granting motion to stay discovery pending resolution of motions to compel arbitration); *Megacorp Logistics, LLC v. Turvo, Inc.*, No. 18-cv-01240-EMC, Dkt. No. 65 (N.D. Cal. July 30, 2018) (granting motion to stay discovery pending resolution of motion to compel arbitration).

The reason why courts regularly stay discovery where a motion to compel arbitration is pending is because the very "purpose of arbitration is to provide a less expensive method of resolving disputes quickly." *Schacht v. Hartford Fire Ins. Co.*, No. 91 C 2228, 1991 WL 247644, at *4 (N.D. Ill. Nov. 6, 1991).  As the Third Circuit has explained, this benefit is forever lost when parties are required "to submit to full discovery under the Federal Rule of Civil Procedure [that] may unnecessarily subject them to the very complexities, inconveniences and expenses of litigation that they determined to avoid." *Klepper v. SLI, Inc.*, 45 Fed. App'x 136, 139 (3d Cir. 2002); *Mahamedi*, 2017 WL 2727874, at *1 ("[U]nless discovery is stayed, [Experian] will 'forever lose the advantages of arbitration—speed and economy.'").

Precisely to preserve speed and economy, Experian has not propounded ***any*** discovery on Mr. Coulter, choosing instead to wait until this matter is before an arbitrator.  (*See* Vogt Decl. ¶ 3.)

Experian will "forever lose" these bargained-for contractual advantages—advantages that Experian has studiously sought to preserve—if discovery were allowed to proceed. Indeed, the only discovery that Experian promptly sought at the outset of this case was directed at determining whether there was an alternative grounds to compel this matter to arbitration. (*Id*., ¶¶ 4-5.)

In contrast, Mr. Coulter will not suffer any hardship or prejudice from having to wait to pursue discovery until the Court rules on the pending motion. As noted, Experian is willing to extend all deadlines in the Scheduling Order in the event that the Court denies Experian's motion to compel arbitration. (*Id*., ¶ 6.)

## CONCLUSION

In sum, Experian respectfully requests that the Court stay discovery pending resolution of Experian's motion to compel arbitration.

Dated:  December 3, 2020

Respectfully submitted,

*/s/ Mohammad A. Ghiasuddin, Esq.*
Mohammad A. Ghiasuddin, Esq.
Margolis Edelstein
The Curtis Center, Ste. 400E
170 S. Independence Mall W.
Philadelphia, PA  19106-3337
(215) 931-5801
mghiasuddin@margolisedelstein.com

John A. Vogt, Esq. (*pro hac vice*)
Richard J. Grabowski, Esq. (*pro hac vice*)
JONES DAY
3161 Michelson Drive, Suite 800
Irvine, CA  92612-4408
(949) 851-3939
javogt@jonesday.com
rgrabowski@jonesday.com

William R. Taylor (*pro hac vice*)
JONES DAY
717 Texas, Suite 3300
Houston, TX  77002
(832) 239-3939
wrtaylor@jonesday.com

*Attorneys for Defendant*
*Experian Information Solutions, Inc.*

## **CERTIFICATE OF SERVICE**

I, Mohammad A. Ghiasuddin, counsel for Experian Information Solutions, Inc., do hereby declare that on the 3rd day of December, I served the foregoing upon Plaintiff's counsel via the CM/ECF system.

*/s/ Mohammad A. Ghiasuddin, Esq.*
Mohammad A. Ghiasuddin, Esq.
Margolis Edelstein
The Curtis Center, Ste. 400E
170 S. Independence Mall W.
Philadelphia, PA  19106-3337
(215) 931-5801
mghiasuddin@margolisedelstein.com

*Attorney for Defendant*
*Experian Information Solutions, Inc.*